UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDGAR ALEXANDER GODINEZ,
                    Plaintiff,

            -v-

REINALDO LA O BAUTE, FREIGHT
DISPATCH SERVICE INC., and BLUE
LINE TRANSPORT INC.,
                    Defendants.

25-CV-10697 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

This case was removed from New York Supreme Court, Bronx County, on December 24, 2025.  On December 30, 2026, this Court directed defendants Reinaldo La O Baute and Freight Dispatch Services, Inc. (collectively, "Removing Defendants") to file a letter on the docket showing why this case should not be remanded to state court in light of the rule of unanimity and the unclear amount in controversy.  (ECF No. 5.)  The Removing Defendants filed their letter on January 6, 2026.  (ECF No. 6.)  After reviewing Removing Defendants' letter, this Court concludes that it cannot adjudicate this case because of procedural and jurisdictional defects.

First, removal is improper in light of the "rule of unanimity" codified in 28 U.S.C. § 1446(b)(2)(A).  *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (holding that any defendant who does not join a notice of removal must independently express their consent to removal).  Although the Second Circuit has approved the propriety of snap removal for purposes of the forum-defendant rule under 28 U.S.C. § 1441(b)(2), *see Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019), Removing Defendants' letter does not point to any authority holding that the language "all defendants who have been properly joined and served" in § 1446(b)(2)(A) does not encompass a defendant like Blue Line Transport, Inc.—which *has* been

1

served but has not "appeared" or "retained counsel." In fact, courts in this Circuit have concluded that a defendant's failure to appear—even ten days after removal—strongly suggests that the non-appearing defendant does not consent to removal. *See e.g.*, *Blue Squirrel Props., LLC v. U.S. Bank Nat'l Ass'n.*, No. 20-CV-00047, 2020 WL 373092 (D. Conn. Jan. 23, 2020); *Bailey v. Bos. Sci. Corp.*, No. 07-CV-2949, 2007 WL 4180798, at *3 (E.D.N.Y. Nov. 20, 2007); *Daley v. Amtrak*, No. 24-CV-07378, 2024 WL 4602139, at *2 (S.D.N.Y. Oct. 29, 2024). Here, Blue Line Transport, Inc. has still not appeared on the docket, further supporting the inference that it did not consent to removal.

Second, Removing Defendants have not met their burden of demonstrating to a "reasonable probability" that the claim exceeds $75,000. Merely stating that "it appears from the nature of the serious allegations [that] the plaintiff is seeking in excess of $75,000" (ECF No. 1 at 2), is insufficient to show that the amount in controversy exceeds the jurisdictional amount of $75,000. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (the defendant "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount"); *see e.g. Villafana v. So*, No. 13-CV-180, 2013 WL 2367792, at *2 (S.D.N.Y. May 29, 2013); *Dischiavi v. St. Jude Medical*, No. 17-CV-4955, 2017 WL 3700897, at *2 (S.D.N.Y Aug. 24, 2017).

For the foregoing reasons, this case is hereby REMANDED to state court.

The Clerk of Court is directed to effectuate remand of this case to the New York Supreme Court, Bronx County.

SO ORDERED.

Dated: March 13, 2026
     New York, New York

_____
J. PAUL OETKEN
United States District Judge

2